STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WILLIAM J. TOLAND, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 26, 1973—Decided March 28, 1973.

Before Judges Lewis, Carton and Mintz.

*Mr. William J. Toland,* appellant, argued the cause *pro se.*

*Mr. Solomon Forman,* First Assistant Prosecutor, argued the cause for respondent (*Mr. Richard J. Williams,* Atlantic County Prosecutor, attorney; *Mr. Ernest M. Curtis,* Assistant Prosecutor, of counsel and on the brief).

PER CURIAM. Defendant Toland appeals *pro se* from convictions on two counts of an indictment charging him with falsely making a nomination petition, contrary to *N. J. S. A.* 19:34–2. Concurrent sentences of one to two years in State Prison on each count were suspended. Defendant was placed on probation. He was also fined $100. He was acquitted on related multiple charges of forgery and conspiracy.

This case had its genesis in an election in Atlantic City. The State's proofs tended to show the following: One White and one Cunningham had evidenced a willingness to file nomination petitions in the 1969 primary for the office of Democratic County Committee. Defendant, a notary public, took their affidavits or certifications to the nomination petitions and also notarized one Jetter's alleged signature to an affidavit that he had circulated the petition on behalf of these candidates. None of the purported signatures was that of any of these individuals, and defendant knew it, but nevertheless he took their oaths that they had signed before him as notary public.

Defendant's main point is that the offense for which he was indicted and convicted was not a crime under *N. J. S. A.* 19:34–2. That provision reads, in pertinent part, as follows:

No person shall falsely make, falsely make oath to, * * * *any certificate of nomination or petition, or any part thereof,* or file * * * any certificate of nomination or petition, knowing the same or any part thereof to be falsely made * * *. [Emphasis added]

A violation of this section is a misdemeanor, punishable by imprisonment for not more than five years.

*N. J. S. A.* 19:23–11 provides that in primary elections the nominating petitions shall be verified by oath of one or more of the signers of the petition, taken and subscribed before a person legally qualified to administer an oath under the State laws.

The theory of the prosecution's case was that a verification is an integral part of the petition; that the jurat executed by the one taking the oath is a part of the verification, and that therefore defendant did indeed participate in falsely making the petition in violation of the statute. The theory is founded on the premise that this provision of the Election Law was intended by the Legislature to reach, not only the forger, but also the notary public who participates in the process of making or filing the petition by improperly taking the jurat.

This interpretation of the statutory language and intent finds some support in *In re Chirico*, 87 *N. J. Super.* 587 (App. Div. 1965) certif. den. 45 *N. J.* 32 (1965). There the court rejected the contention that a verification is not a part of a petition, saying:

* * * We find no merit in this contention since we are satisfied that the verification is an essential part of the petition * * *.

Although *Chirico* involved a civil controversy pertaining to the Election Law, the same reasoning would seem to be applicable here. We are mindful of the rule often announced that criminal statutes must be strictly construed. However, this rule does not require that the words of an enactment be given their narrowest meaning or that the lawmakers' evident intent be disregarded. See *United States v. Corbett,* 215 *U. S.* 233, 30 S. Ct. 81, 54 L. Ed. 2d 173 (1909).

One of the purposes of the Election Law, of which *N. J. S. A.* 19:34–2 is a part, is to purify the politics of the State by preventing fraud and wrongdoing in the nominating procedure. *Sadloch v. Allan,* 25 *N. J.* 118, 129 (1957). The statute denounces as criminal anyone who falsely makes any certificate of nomination or petition or any part thereof, or falsely makes oath thereto or files any certificate of nomination or petition, knowing the same or any part thereof to be falsely made.

We are of the opinion that the statute is broad enough to include willful action of the character of which

defendant was accused and convicted. The words of *N. J. S. A.* 19:34–2 that "[n]o person shall falsely make," etc., are not vague and are sufficiently clear to demonstrate a legislative intent to protect the integrity of the Election Law. As the court said in *United States v. Giles,* 300 *U. S.* 41, 57 S. Ct. 340, 81 L. Ed. 493 (1937),

> The word "make" has many meanings, among them "To cause to exist, appear or occur," Webster's International Dictionary (2d. ed.) * * *

In effect, the indictments charge defendant as a notary public with knowingly participating in obtaining false signatures to the verification and then having them certified to be genuine.

We believe this interpretation to be a fair one to the words employed and in accord with the evident intent of the Legislature. To hold that it is applicable only to a candidate in the nominating petition or to one directly involved in the filing procedure would frustrate the legislative objective of the statute.

■ The jury was justified in finding from the evidence that defendant, as a notary public, certified and attested under his seal that the persons who appeared before him and to whom he supposedly administered the required legal oath were in fact and to his knowledge not the persons they purported to be. It was thus warranted in concluding that he had falsely made the petition or an essential part thereof.

We perceive no substance to the additional arguments advanced by defendant.

Affirmed.